**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

| | |
|---|---|
| TELLUS OPERATING GROUP, LLC ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 3:24-cv-176-CWR-LGI |
| GRACO FISHING AND RENTAL TOOLS, ) | |
| INC. and RELIABLE PRODUCTION ) | |
| SERVICE, INC., ) | |
| ) | |
| Defendants. ) | |

**ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS AND CROSSCLAIMS**

For its answer, affirmative defenses, counterclaims and crossclaims in response to Plaintiff Tellus Operating Group, LLC's Complaint ("Complaint") filed herein by Tellus Operating Group, LLC ("Plaintiff"), Graco Fishing & Rental Tools, Inc. ("Graco") states as follows:

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state claims upon which relief can be granted pursuant to *FED. R. CIV. P.* 12 (b)(6).

2. Plaintiff may have failed to join indispensable parties in order to fully and properly adjudicate the present matter, as set forth by *FED. R. CIV. P.* 12 (b)(7) and 19.

3. Plaintiff's Complaint may be barred under the doctrines of accord and satisfaction, assumption of the risk, estoppel, laches, waiver, release, payment, election of remedies, and/or any and all applicable statute(s) of limitation or statute(s) of repose.

4. If Plaintiff was damaged, those damages were proximately caused or contributed to solely by the negligent and/or intentional acts, wrongs, or omissions of Plaintiff, or other persons, entities, forces, or things over which Graco had no control and/or for which Graco is not

responsible. As to all such persons, including those not named as parties to this litigation, Graco pleads the apportionment and other provisions of *MISS. CODE ANN*. § 11-7-15 and *MISS. CODE ANN*. § 85-5-7.

5. Plaintiff was comparatively and/or contributorily negligent, and Plaintiff's recovery and Graco's liability, which is denied, should therefore be barred and/or diminished in proportion to the comparative and/or contributory negligence attributable to Plaintiff.

6. Plaintiff had, and continues to have, a duty to mitigate its damages, if any, and Graco is not liable to Plaintiff for any damages caused or contributed to by Plaintiff's failure to mitigate.

7. Plaintiff's damages, if any, were caused by intervening and/or superseding causes over which Graco had no control and is thus not liable.

8. To the extent Plaintiff has settled or should hereafter settle for any of the alleged injuries and/or damages with any party (including any other named defendant) or any non-party, then Graco is entitled to a credit and set-off in the amount of said settlement and/or for the amount of the settling parties' allocated percentage of fault.

9. Graco committed no act that proximately caused or contributed to any alleged damages sustained by Plaintiff, if any; Graco breached no legal duty owing to Plaintiff, if any; Graco caused Plaintiff to sustain no damages whatsoever; and Graco demands that the suit filed against it be dismissed with all costs taxed to Plaintiff.

10. Plaintiff's damages, if any, may be barred by and/or diminished by the doctrine of avoidable consequences.

11. Plaintiff's damages, if any, resulted from unforeseeable or unavoidable circumstances and causes that could not have been prevented by Graco.

12. Plaintiff had the last clear chance to avoid the incident that is the subject of this action, and therefore Plaintiff's Complaint should be dismissed with prejudice.

13. Graco did not do, nor fail to do, anything that caused or contributed to the alleged injuries and/or damages set forth in Plaintiff's Complaint.

14. Graco specifically pleads the statute of frauds as to the alleged oral contract asserted in Plaintiff's Complaint.

15. Plaintiff is not entitled to an award of attorney's fees, costs, and other expenses of litigation as a matter of law.

16. Plaintiff's claims are barred by the doctrine of unclean hands.

17. Graco denies all allegations of Plaintiff's Complaint that have not been expressly admitted herein.

18. Graco specifically does not waive any defect in Plaintiff's Complaint by answering and preserves all objections to such deficiencies.

19. Graco hereby gives notice that it intends to rely upon any other defense that may become available or appear during the proceedings in this case, including those defenses set forth in *FED. R. CIV. P.* 8(c) and 12, and hereby reserves its right to amend this Answer to assert any such defense. Graco also reserves its right to assert other and related defenses as may become available in the event of a determination that the action, or some part thereof, is governed by the substantive law of a State other than the State of Mississippi.

## **ANSWER**

Now, without waiving any of the above and foregoing defenses, Graco answers Plaintiff's Complaint, paragraph by paragraph, as follows:

**Parties**[1]

1. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 1 of the Complaint and therefore denies same.

2. Graco admits the averments of paragraph 2 of the Complaint.

3. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 3 of the Complaint and therefore denies same.

**Jurisdiction and Venue**

4. While denying any and all liability in the premises, Graco admits the averments of paragraph 4 of the Complaint.

5. Graco denies the averment of paragraph 5 of the Complaint that Graco has committed one or more torts in Mississippi. While denying any and all liability in the premises, Graco admits the remaining averments of paragraph 5 of the Complaint as they relate to Graco only. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 5 of the Complaint relating to Reliable and therefore denies same.

6. While denying any and all liability in the premises, Graco admits venue is proper.

**FACTS**

7. Graco specifically and only admits the averments of paragraph 7 of the Complaint as they relate to Graco only. Graco affirmatively asserts that Tellus and Reliable were conducting completion and workover operations and fishing operations relating to same.

8. Graco denies the averments of paragraph 8 of the Complaint as they relate to Graco only. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 8 of the Complaint relating to Reliable and therefore denies same.

---

[1] The headings herein are taken from Plaintiff's Complaint and are being used solely for organizational purposes. To the extent such headings are or could be considered allegations, same are denied.

9. Graco denies the averments of paragraph 9 of the Complaint as they relate to Graco only. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 9 of the Complaint relating to Reliable and therefore denies same.

10. Graco denies the averments of paragraph 10 of the Complaint that any of Graco's services, material and equipment were provided subject to an MSA. While denying any and all liability in the premises, Graco admits the remaining averments of paragraph 10 of the Complaint as they relate to Graco only. Graco affirmatively asserts that Tellus and Reliable were conducting completion and workover operations and fishing operations relating to same. Graco has insufficient information or knowledge to admit or deny the remaining averments of paragraph 10 of the Complaint relating to Reliable and therefore denies same.

11. While denying any and all liability in the premises, Graco admits the averments of paragraph 11 of the Complaint.

12. In response to the averments of paragraph 12 of the Complaint, and while denying any and all liability in the premises, Graco affirmatively asserts that Tellus and Reliable placed a static load on the elevator which exceeded the elevator's maximum load by more than 6,000 lbs. On information and belief, the operations of Tellus and Reliable placed additional dynamic load on the elevator, causing damage to the elevator. Graco specifically denies any defect in or condition of the elevator caused the damage to the elevator. Graco affirmatively asserts that the overloaded condition of the elevator caused damage to the elevator, that the derrick hand observed the damage, that the derrick hand warned Tellus and Reliable not less than two times that the elevators appeared damaged, and that Tellus and Reliable continued using the elevators to pull an excessive load. Graco affirmatively asserts that the elevators opened as a result of damage to the elevator caused

by Tellus and Reliable. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 12 concerning downhole problems to the Well and therefore denies same.

13. In response to the averments of paragraph 13 of the Complaint, and while denying any and all liability in the premises, Graco affirmatively asserts that Tellus and Reliable placed a static load on the elevator which exceeded the elevator's maximum load by more than 6,000 lbs. On information and belief, the operations of Tellus and Reliable placed additional dynamic load on the elevator, causing damage to the elevator. Graco specifically denies any defect in or condition of the elevator caused the damage to the elevator. Graco affirmatively asserts that the overloaded condition of the elevator caused damage to the elevator, that the derrick hand observed the damage, that the derrick hand warned Tellus and Reliable not less than two times that the elevators appeared damaged, and that Tellus and Reliable continued using the elevators to pull an excessive load. Graco affirmatively asserts that the elevators opened as a result of damage to the elevator caused by Tellus and Reliable.

14. Graco denies the averments of paragraph 14 of the Complaint that Graco agreed not to charge Tellus for services, equipment and materials that were needed to conduct fishing operations to recover the workstring and bottom hole assembly that fell down in the Well until such time as all of those items were recovered and an evaluation and determination were made as to cause and fault. Graco admits Tellus used Graco for fishing operations. Graco further denies any and all liability in the premises.

15. Graco denies the averments of paragraph 15 of the Complaint, except that Graco specifically and only admits the MYT elevator was moved offsite.

16. Graco denies the averments of paragraph 16 of the Complaint that Graco breached an alleged agreement with Tellus and further denies that Tellus is not liable. Graco also denies the

averment of paragraph 16 of the Complaint that fishing operations lasted approximately two months, affirmatively stating that fishing was conducted by Graco from September 29, 2023, through November 1, 2023, and that Tellus, Reliable and others were conducting unknown operations from September 25, 2023, through September 29, 2023, and operations unknown to Graco after November 1, 2023. While denying any and all liability in the premises, Graco admits the remaining averments of paragraph 16 of the Complaint.

17. While denying any and all liability in the premises, Graco admits the averments of paragraph 17 of the Complaint.

18. Graco denies the averments of paragraph 18 of the Complaint that Graco breached an alleged agreement with Tellus and that Tellus is not liable. While denying any and all liability in the premises, Graco admits the remaining averments of paragraph 18 of the Complaint.

19. While denying any and all liability in the premises, Graco admits the averments of paragraph 19 of the Complaint that Graco filed the liens. Graco denies the remaining averments of paragraph 19 of the Complaint.

20. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 20 of the Complaint and therefore denies same.

## CLAIMS

### First Claim

### Breach of Contract

21. The responses of the preceding paragraphs are incorporated by reference.

22. Graco denies the averments of paragraph 22 of the Complaint.

23. Graco denies the averments of paragraph 23 of the Complaint that there was a defect in the elevator. Graco has insufficient information or knowledge to admit or deny the

averments of paragraph 23 of the Complaint as they relate to Reliable's obligations under an MSA or otherwise to Tellus.  Graco affirmatively asserts that Tellus and Reliable placed a static load on the elevator which exceeded the elevator's maximum load by more than 6,000 lbs.  On information and belief, the operations of Tellus and Reliable placed additional dynamic load on the elevator, causing damage to the elevator. Graco denies that any defect in or condition of the elevator caused the damage to the elevator.  Graco affirmatively asserts that the overloaded condition of the elevator caused damage to the elevator, that the derrick hand observed the damage, that the derrick hand warned Tellus and Reliable not less than two times that the elevators appeared damaged, and that Tellus and Reliable continued using the elevators to pull an excessive load.  Graco affirmatively asserts that the elevators opened as a result of damage to the elevator caused by Tellus and Reliable.

24. Graco denies the averments of paragraph 24 of the Complaint as they relate to Graco only.  Graco affirmatively asserts that Tellus and Reliable placed a static load on the elevator which exceeded the elevator's maximum load by more than 6,000 lbs.  On information and belief, the operations of Tellus and Reliable placed additional dynamic load on the elevator, causing damage to the elevator. Graco denies that any defect in or condition of the elevator caused the damage to the elevator.  Graco affirmatively asserts that the overloaded condition of the elevator caused damage to the elevator, that the derrick hand observed the damage, that the derrick hand warned Tellus and Reliable not less than two times that the elevators appeared damaged, and that Tellus and Reliable continued using the elevators to pull an excessive load.  Graco affirmatively asserts that the elevators opened as a result of damage to the elevator caused by Tellus and Reliable.  Graco has insufficient information or knowledge to admit or deny the averments of paragraph 24 of the Complaint relating to Reliable and therefore denies same.

25. Graco denies the averments of paragraph 25 of the Complaint.

26. Graco denies the averments of paragraph 26 of the Complaint as they relate to Graco only. Graco has insufficient information or knowledge to admit or deny the averments of paragraph 26 of the Complaint relating to Reliable and therefore denies same.

## Second Claim

### Breach of the Duty of Good Faith and Fair Dealing against Graco

27. The responses of the preceding paragraphs are incorporated by reference.

28. Graco denies the averments of paragraph 28 of the Complaint.

29. Graco denies the averments of paragraph 29 of the Complaint.

30. Graco denies the averments of paragraph 30 of the Complaint.

## Third Claim

### Negligence

31. The responses of the preceding paragraphs are incorporated by reference.

32. Graco denies the averments of paragraph 32 of the Complaint as they relate to Graco only. Graco affirmatively asserts that Tellus and Reliable placed a static load on the elevator which exceeded the elevator's maximum load by more than 6,000 lbs. On information and belief, the operations of Tellus and Reliable placed additional dynamic load on the elevator, causing damage to the elevator. Graco denies that any defect in or condition of the elevator caused the damage to the elevator. Graco affirmatively asserts that the overloaded condition of the elevator caused damage to the elevator, that the derrick hand observed the damage, that the derrick hand warned Tellus and Reliable not less than two times that the elevators appeared damaged, and that Tellus and Reliable continued using the elevators to pull an excessive load. Graco affirmatively asserts that the elevators opened as a result of damage to the elevator caused by Tellus and Reliable.

Graco has insufficient information or knowledge to admit or deny the remaining averments of paragraph 32 of the Complaint relating to Reliable and therefore denies same.

33. Graco denies the averments of paragraph 33 of the Complaint as they relate to Graco only.

34. Graco denies the averments of paragraph 34 of the Complaint as they relate to Graco only.

35. Graco denies the averments of paragraph 35 of the Complaint as they relate to Graco only.

## Fourth Claim

## Claim to Cancel the Liens and for a Setoff against Graco

36. The responses of the preceding paragraphs are incorporated by reference.

37. Graco admits filing the liens but denies the remaining averments of paragraph 37 of the Complaint, specifically denying any and all liability in the premises.

38. Graco denies the averments of paragraph 38 of the Complaint.

39. Graco denies the averments of paragraph 39 of the Complaint.

40. Graco denies the averments of paragraph 40 of the Complaint.

40 (sic). Graco denies the averments of the second paragraph number paragraph 40 the Complaint.

## Fifth Claim

## Declaratory Judgment

41. The responses of the preceding paragraphs are incorporated by reference.

42.     Graco denies the averments of both paragraphs 42 of the Complaint as they relate to Graco only. Graco has insufficient information or knowledge to admit or deny the averments of both paragraphs 42 of the Complaint as the relate to Reliable and therefore denies same.

As to Graco, Graco denies that Plaintiff is entitled to the relief for which Plaintiff prays in the Complaint.

## COUNTERCLAIMS AND CROSSCLAIMS

For its, counterclaims against Tellus and its crossclaims against Reliable, Graco states as follows:

## FACTS

1.     Graco incorporates herein by reference all admitted averments of Plaintiff's Complaint as set forth above and all affirmative statements set forth by Graco above.

2.     Prior to September 22, 2023, Tellus was conducting operations in an attempt to remediate imperfections in the well casing which resulted in tools becoming stuck. On September 22, 2023, Tellus and Reliable were conducting operations to pull a workstring out of the Well.

3.     When the workstring was comprised of 338 joints 2 7/8" 7.90# PH-6 tubing, a top sub (crossover), an accelerator jar, 5 drill collars, an oil jar, a bumper jar, and a string mill, a YT 75-ton elevator was switched out for an MYT 40-ton elevator.

4.     The maximum load of the MYT elevators rented by Graco to Tellus was 40 tons (80,000 lbs.).

5.     The static weight of the workstring when Tellus and Reliable switched to the MYT 40-ton elevator was at least 86,000 lbs. On information and belief, the workstring was full of scale which substantially increased the weight.

6. On September 22, 2023, Tellus reported to Graco that Reliable switched to the MYT elevators when the weight indicators being used by Tellus and Reliable indicated a weight of 78,000 lbs.

7. Prudent operators would not load 78,000 lbs. on an elevator rated at 80,000 lbs.

8. Tellus and Reliable were aware or should have been aware that the weight indicators being used were not properly calibrated.

9. On information and belief, the operations of Tellus and Reliable placed dynamic load on the MYT elevator far in excess of 86,000 lbs., damaging the MYT elevator.

10. Two stands (two joints per stand) were pulled using the MYT elevator.

11. During operations to pull the first two stands of two joints (four joints total) from the workstring, the derrick hand warned Tellus and Reliable not less than two times of a problem with the MYT elevator.

12. Tellus and Reliable nevertheless continued operations using the overload damaged MYT elevator despite the derrick hand's warning.

13. While pulling the third stand, the overloaded MYT elevator failed and dropped 334 joints 2 7/8" 7.90# PH-6 tubing, a top sub (crossover), an accelerator jar, 5 drill collars, an oil jar, a bumper jar, and a string mill down the hole.

14. The static weight of the string dropped down the hole was at least 85,000 lbs.

15. The operations described above in the preceding paragraphs were conducted by Tellus as operator and Reliable as Tellus's agent.

### CLAIMS

#### First Claim
#### Negligence

16. The allegations of the preceding paragraphs are incorporated herein by reference.

17. Tellus and Reliable were negligent and at fault by, among other things, violating prudent operating standards, using improperly calibrated weight indicators, placing a static load on the MYT elevator in excess of 80,000 lbs. and placing dynamic loads on the MYT elevator far in excess of the static load.

18. The negligence of Tellus and Reliable was the proximate cause of damages that Graco has suffered.

19. The acts of Tellus and Reliable also proximately caused damage to the MYT elevator.

20. Tellus and Reliable are liable to Graco for all damages, losses, costs and expenses that Graco suffered or incurred because of their negligence.

21. As to this claim, Graco prays for judgment against Tellus and Reliable for an amount in excess of $75,000.

## Second Claim
## Breach of Contract

22. The allegations of the preceding paragraphs are incorporated herein by reference.

23. Graco provided services and rented materials to Tellus under a contract. Graco's supplied services met the specifications and requirements of Tellus, and the rented materials provided by Graco to Tellus were in good working order and free from defect.

24. Tellus agreed to pay Graco its standard rates for the services and rentals provided.

25. Exhibit "1" hereto reflects the amounts owed by Tellus to Graco for services and rentals for the period from September 22, 2023, through November 1, 2023, totaling $394,471.62.

26. Exhibit "2" hereto reflects the amounts owed by Tellus to Graco for services and rental for the period from November 2, 2023, through January 25, 2024, totaling $162,759.45, respectively.

27. Exhibit "3" hereto reflects the amounts owed by Tellus to Graco for services and rentals for the period from January 26, 2024, through February 25, 2024, totaling $59,902.20.

28. Charges for tubing rental continued to accrue at the rate of $1,749.48/day from February 26, 2024, through April 18, 2024, totaling $ 92,722.44 .

29. Charges for tubing rental will continue to accrue from April 18, 2024, at the rate of $1,749.48/day until Graco receives the replacement string for which Tellus tendered funds on March 15, 2024.

30. Tellus is liable to Graco for $ 709,855.71 through April 18, 2024, together with $1,749.49/day thereafter.

31. Graco has also suffered damage in an amount equal to the value of the MYT elevator.

32. As a result of Tellus's breach of contract, Graco prays for judgment in the amount necessary to compensate Graco for the damages shown above, along with costs, expenses, attorneys' fees, the statutory slow-payment penalty provided pursuant to Miss. Code Ann. §§ 87-7-5, and any and all additional relief which Graco may be entitled.

### Third Claim
### Quantum Meruit

33. The allegations of the preceding paragraphs are incorporated herein by reference.

34. In the alternative to other counts, Graco is entitled to damages under quantum meruit.

35. Graco provided Plaintiff with goods and services. Plaintiff accepted and utilized the goods and services in furtherance of its business.

36. Graco provided the goods and services for Plaintiff's benefit.

37. Plaintiff was reasonably notified, was aware, and/or knew or should have known that Graco expected compensation when Plaintiff accepted the goods and services.

38. Because Graco expected compensation of which Plaintiff was reasonably notified, was aware of, and/or knew or should have known of Graco's expectation in this regard, Plaintiff's acceptance of the goods and services without payment resulted in damages to Graco in an amount not less than the amount of the damages asserted in the Second Claim above.

### Fourth Claim
### Perfection/Enforcement of Materialman's Liens

39. The allegations of the preceding paragraphs are incorporated by reference.

40. Graco has a right to claim a Materialmen's Lien(s) against Tellus and the subject wells in accordance with Miss. Code Ann. § 85-7-131, et seq.

41. On or about March 5, 2024, Graco timely, properly, and duly filed its Notices of Materialmen's Lien on Oil or Gas Well in the total sum of $557,231.07, plus interest, service charges and attorney fees, which amount is due and owed to Graco for materials furnished and services and labor performed in connection with the maintenance and operation of the subject wells and other equipment located in Smith County, Mississippi, as further described below. These Notices of Materialmen's Lien met all prerequisites for the filing of such liens pursuant to Mississippi law, and specifically Miss. Code Ann. § 85-7-131, et seq. True and correct copies of the lien notices are Exhibits "4" and "5" hereto.

42. The services and labor described above were performed and materials furnished to Tellus for the benefit of the owners of the interest in the mineral estate of the following property: Stampede 5-7 Well, NE¼ of Section 5, T1N, R7E, Smith County, Mississippi.

43. To the extent authorized by law and statute, these liens also extend to the non-operators' interest in the mineral estate, proceeds of production, and the fixtures and equipment in any producing unit assigned such oil and gas well by the Mississippi Oil and Gas Board.

44. On belief and knowledge, Plaintiff and John Does/Jane Does[2] are now or were working interest owners in the Stampede 5-7 Well.

45. Therefore, in addition to the claims asserted and relief sought by Graco above, Graco is entitled to a judgment declaring that both of its Notices of Materialmen's Liens are to be made permanent, giving Graco the right to foreclose on Tellus's and/or any non-operators' interest in the mineral estate, proceeds of production, and the fixtures and equipment in any producing unit assigned such oil and gas well by the Mississippi Oil and Gas Board, made subject of the referenced Notices of Materialmen's Lien.

46. Consequently, Graco requests a declaratory judgment making both of its Notices of Materialmen's Liens permanent, giving Graco the right to foreclose as outlined in the preceding paragraph, plus costs and expenses, attorneys' fees, pre-judgment and post-judgment interest and any and all additional relief to which Graco may be entitled.

**Fifth Claim**
**Special Writ of Foreclosure**

47. The allegations of the preceding paragraphs are incorporated herein by reference.

48. In addition to the relief sought in the previous claims asserted by Graco, and pursuant to Miss. Code Ann. § 85-7-153, Graco is also entitled to a Special Writ of Execution and Foreclosure over Tellus's and/or any non-operators' interest in the mineral estate, proceeds of production, and the fixtures and equipment in any producing unit assigned such oil and gas well

---

[2] Graco is currently unaware of the identity of the working and/or non-operator interest owners in Stampede 5-7 Well. Upon proper identification of these interest owners, Graco reserves the right to add them as parties to this litigation pursuant to Miss. Code Ann. § 85-7-143.

by the Mississippi Oil and Gas Board, all of which were made subject of Graco's properly and timely filed Notices of Materialmen's Lien.

49. With respect to this Claim, Graco seeks the following relief against the defendants:

   a. A judgment ordering the foreclosure of the liens and directing the U.S. Marshal to sell the property at a foreclosure sale to the highest bidder, with the proceeds thereof to be applied against the principal indebtedness, interest, attorney's fees and costs owed to Graco.

   b. Reasonable necessary attorney's fees from Plaintiff.

   c. Prejudgment interest at the highest lawful rate.

   d. Interest on its judgment from the date of judgment until the date paid at the highest lawful rate.

**<u>GENERAL PRAYER FOR RELIEF</u>**

**WHEREFORE, PREMISES CONSIDERED**, Graco respectfully requests judgment as follows:

   a. Under the First Claim, judgment against Tellus and Reliable for all Graco's damages caused by the negligence of Tellus and Reliable in an amount to exceed $75,000.00, and any and all additional relief as to which Graco may be entitled;

   b. Under the Second Claim, judgment in the amount of $ 709,855.71 together with $1,749.48 per day from April 18, 2024, through the date upon which Graco receives a replacement string, necessary to compensate Graco for Tellus's breach of contract, along with costs, expenses, attorneys' fees, the statutory slow-payment penalty provided pursuant to Miss. Code Ann. §§ 87-7-5, and any and all additional relief which Graco may be entitled., and any and all additional relief as to which Plaintiff may be entitled;

   c. Under the Third Claim, Graco prays for judgment in an amount not less than the amount of the damages sought in the Second Claim;

   d. Under the Fourth Claim, Graco, in addition to the claims for relief made above, requests judgment declaring both of its Notices of

17

   Materialmen's Lien be made permanent, giving it the right to foreclose on Tellus's and/or any non-operators' interest in the mineral estate, proceeds of production, and the fixtures and equipment in any producing unit assigned such oil and gas well by the Mississippi Oil and Gas Board, plus costs and expenses, attorney's fees, the statutory slow-payment penalty provided pursuant to West's A.M.C. § 87-7-5, pre-judgment and post-judgment interest, and any and all additional relief as to which Graco may be entitled; and

e. Under the Fifth Claim, and in accordance with Miss. Code Ann. § 87-7-153, Graco is entitled to a Special Writ of Execution and Foreclosure over Tellus's and/or any non-operators' interest in the mineral estate, proceeds of production, and the fixtures and equipment in any producing unit assigned such oil and gas well by the Mississippi Oil and Gas Board, all of which were made subject of Graco's properly and timely filed Notices of Materialmen's Lien, plus costs and expenses, attorney's fees, the statutory slow-payment penalty provided pursuant to West's A.M.C. § 87-7-5, pre-judgment and post-judgment interest, and any and all additional relief as to which Graco may be entitled;

f. Any and all other relief that this Honorable Court deems is just and equitable in the premises.

RESPECTFULLY SUBMITTED this the 17th day of April, 2024.

           **GRACO FISHING AND RENTAL TOOLS, INC.**

           **By:** /s/ *R. Jarrad Garner*
              J. Jeffrey Trotter (MSB #9670)
              R. Jarrad Garner (MSB #99584)
              Mary Clark Joyner (MSB #105954)
              Adams and Reese LLP
              1018 Highland Colony Parkway, Suite 800
              Ridgeland, Mississippi 39157
              (p) 601-353-3234
              (f) 601-355-9708
              jeff.trotter@arlaw.com
              jarrad.garner@arlaw.com
              maryclark.joyner@arlaw.com

**CERTIFICATE OF SERVICE**

I, R. Jarrad Garner, one of the attorneys for Defendant Graco Fishing and Rental Tools, Inc., do hereby certify that I have, this day, filed the foregoing with the Clerk of Court using the ECF filing system, which has caused a true and correct copy to be served by electronic mail on all counsel of record.

Dated: April 17, 2024.

*/s/ R. Jarrad Garner*
R. Jarrad Garner