**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **TELLUS OPERATING GROUP, LLC,**<br><br>*Plaintiff,*<br><br>v.<br><br>**GRACO FISHING AND RENTAL TOOLS, INC., *et al.*,**<br><br>*Defendants.* | CAUSE NO. 3:24-CV-176-CWR-LGI |

**ORDER**

Tellus, Graco, and Reliable Production Service, L.L.C. ("Reliable") filed a total of six motions in limine. Docket Nos. 256, 258, 260, 262, 264, and 266. The parties are familiar with the standard applicable to those motions. *See Starr Indem. & Liab. Ins. Co. v. River & Roads Diretional Drilling, LLC*, No. 3:23-CV-215-CWR-LGI, 2025 WL 1174318, *1 (S.D. Miss. Apr. 22, 2025). The Court disposes of these motions as follows.

***1. Reliable's Motion in Limine***

In its motion in limine, Docket No. 256, Reliable requests to exclude introduction or mention of fourteen categories of evidence, including items related to: (1) other lawsuits filed against and/or involving Reliable; (2) the identity of any person or entity that has an ownership interest in Reliable or in any of the companies or entities that received any monies from Reliable; (3) Reliable's financial condition; (4) liability insurance; (5) punitive damages; (6) gross negligence; (7) subsequent remedial measures; (8) settlement; (9) spoliation; (10) testimony to inflame the jury; (11) cumulative or duplicative expert evidence, argument, and/or testimony; (12) legal conclusions; (13) speculation and conjecture; and (14) alleged

comments by Graco's former employee, Jerry Warren. Reliable's motion, Docket No. 256, is granted in part and denied in part.

In its response, Docket No. 280, Tellus did not challenge issues 1, 3, 4, 7, 8, 9, or 14. These requests are granted as uncontested.

Issue 2 is denied. Reliable made no showing that an ordinary juror will turn from impartial to hostile upon learning that Reliable is a Louisiana company or that some of its members reside outside of Mississippi. It is not clear to the Court to what element of any claim or defense this information is relevant but, absent a showing of any prejudice, the Court denies the request at this time.

Issue 5 is denied. This issue merely requests the Court submit the issue of punitive damages to the jury only upon the jury returning a verdict in favor of a party on its claim for actual damages and prevent the introduction of evidence related to punitive damages prior to that point. The Court intends to do so. An additional order to that effect is unnecessary.

Issue 6 is denied. The request is too broad and does not specify what evidence it seeks to exclude.

Issues 10, 11, 12, and 13 are denied. The parties shall abide by the rules of evidence. With respect to issue 11, the Court ruled on the parties' extensive *Daubert* briefing. No further ruling is necessary at this time.

***2. Graco's First Motion in Limine***

In its first motion in limine, Graco seeks to exclude evidence or mention of: (1) liability insurance; (2) settlement offers and/or negotiations; (3) "prejudicial or otherwise inappropriate comments about or allusions to the fact that counsel for Graco has, at any point before or during the trial of this case, made any objection"; (4) "any documents, summaries

of writings, records, photographs, or other tangible things or items that have not previously been made available to Graco's attorneys for examination or copying in connection with the case"; (5) "any witness who was equally available to either party who was not called as a witness"; (6) "argument that some witness or person under, and/or not under, the control of Graco was not called by Graco"; (7) "demands or requests by the Plaintiff before the jury for documents or materials found or contained in Graco's or in any witness's file, which would include statements, pleadings, photographs, and other documents, requests that the attorneys for Graco or any witnesses produce documents, stipulate to any fact, or make any sort of agreement in the presence of the jury, and/or any demand or request for further or additional physical demonstrations, or other inspections, tests, examinations, or demonstrations during the course of the trial in the presence of the jury"; (8) the character of the legal practice that attorneys for Graco generally engage in; (9) "general derogatory comments about Graco"; (10) "personal knowledge, facts, opinions or conclusions of any person with knowledge of relevant facts and/or expert witnesses not properly identified by the Plaintiff in the Pretrial Order" (11) language contained in the pleadings or answers to interrogatories unless such pleadings or answers have been introduced into evidence; (12) punitive damages. Graco's motion, Docket No. 258, is granted in part and denied in part.

Issues 1 and 2 are granted.

Issues 3, 6, 7, and 9 fail to sufficiently identify what they seek to exclude. They are denied.

Issues 4, 5, 10, and 11 are denied. The parties shall abide by the rules of evidence.

Issue 8 is granted.

Issue 12 denied. This issue merely requests the Court submit the issue of punitive damages to the jury only upon the jury returning a verdict in favor of a party on its claim for actual damages and prevent the introduction of evidence related to punitive damages prior to that point. The Court intends to do so. An additional order to that effect is unnecessary.

In response to Graco's motion, Reliable requests that to the extent that the Court grants any of Graco's requested relief the same apply to Reliable. The Court has ruled on similar issues in Reliable's motion in limine *supra*. To the extent that Reliable intended for its response, Docket No. 268, to serve as a motion, it is denied.[1]

***3. Graco's Second Motion in Limine***

In its second motion in limine, Graco seeks to exclude evidence or mention of a 2007 incident at Tellus's Benson Penton Well #B-1 in Louisiana when an elevator of unknown type, size and origin opened for unknown and uninvestigated reasons, dropping fishing tools down a wellbore. The evidence related to this incident does not identify whether the cause of the elevator opening was an equipment failure or operator error, does not identify the elevator that opened and does not reflect that any investigation occurred. Evidence of this incident has very little, if any, probative value, and it presents a clear and substantial danger of prejudice. It is excluded.

To address arguments raised in response to Graco's second motion in limine, the Court notes that this ruling does not altogether prohibit the parties from introducing evidence related to the Benson Penton Well. For example, evidence that Graco signed the 2007 MSA because Graco wanted to be able to provide work and services for what were then

[1] Reliable purports to make this type of "motion" in another of its responsive filings. Docket No. 270. This too is denied.

upcoming operations on the Benson Penton Well remains undisturbed by this ruling. The parties simply may not introduce evidence related to the 2007 elevator incident at the Benson Penton Well.

Graco's second motion in limine, Docket No. 260, is granted.

***4. Graco's Third Motion in Limine***

In its third motion in limine, Graco seeks to exclude evidence or mention of "inadmissible material relied upon by experts." This motion fails to sufficiently identify the materials it wishes to exclude. The Court ruled on the parties' extensive *Daubert* briefing. No further ruling is necessary at this time. Graco's third motion in limine, Docket No. 262, is denied.

***5. Graco's Fourth Motion in Limine***

In its fourth motion in limine, Graco seeks to exclude evidence or mention of what Graco terms "compromise discussions" that occurred after the failure of Graco's hoisting elevator on September 22, 2023. Rule 408 prohibits the introduction of statements made during settlement negotiations "to prove or disprove the validity or amount of a disputed claim[.]" Fed. R. Evid. 408(a). The Court is not convinced that discussions that occurred following the elevator failure were in fact settlement negotiations pertaining to any claims related to the elevator's failure. Tellus asserts that instead these discussions led to what Tellus alleges was a September 25, 2023, verbal agreement under which Reliable and Graco each agreed that neither of them would charge Tellus for the services and tools they were to provide for the fishing operations that were needed to try and recover the workstring and bottom hole assembly from the well, until such time as it could be determined what caused

the elevator failure and who was at fault. The Court is not convinced these discussions fall within the purview of Rule 408. Graco's fourth motion in limine, Docket No. 264, is denied.

***6. Tellus's Motion in Limine***

In its motion in limine, Tellus seeks to exclude evidence or mention of a master service agreement entered into by Tellus and Globe Energy Services, LLC, dated May 20, 2015 (the "2015 Globe/Gravity MSA"). The Court has discussed this agreement extensively in prior Orders. *See* Docket Nos. 284 and 286. Tellus argues that this agreement is irrelevant. While the Court denied Graco's request to add a cause of action based on the 2015 Globe/Gravity MSA, Docket No. 284, the Court does not at this juncture rule that the 2015 Globe/Gravity MSA bears no relevance to any of the claims and/or defenses in this action. The bar for relevance is low. Tellus's motion in limine, Docket No. 266, is denied.

The Court has considered all arguments; those not addressed would not have altered the outcome of any motions.

**SO ORDERED**, this the 29th day of September 2026.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE